**FINAL REPORT[1]**

**Recommendation 3-2015, Minor Court Rules Committee**

*Amendment of Rules 501, 514–516, 1001–1002, and 1005
and Adoption of New Rule 514.1*

APPEALS BY VICTIMS OF DOMESTIC VIOLENCE
IN RESIDENTIAL LEASE ACTIONS

**I.      Introduction**

The Minor Court Rules Committee ("Committee") recommended the amendment of Rules 501, 514–516, 1001–1002, and 1005, and the adoption of new Rule 514.1 of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings before Magisterial District Judges ("Rules"). These Rules provide a 30-day appeal period in residential lease actions for tenants who are victims of domestic violence.

**II.     Discussion**

For many years, the Committee has been examining the procedural rules governing appeals from judgments of magisterial district courts in an effort to provide additional time for a victim of domestic violence to appeal a judgment arising out of a residential lease.  The Committee sought to incorporate certain provisions of the Landlord and Tenant Act of 1951 ("Act"), Act of April 6, 1951, P.L. 69, *as amended*, 68 P.S. § 250.513(b), into the Rules.  Section 513 specifically provides that "within thirty days after a judgment by a lower court arising out of a nonresidential lease or *a residential lease involving a victim of domestic violence*, either party may appeal to the court of common pleas … ."[2]   68 P.S. § 250.513(b) (emphasis added).  Provisions to incorporate an extended appeal period for victims of domestic violence in residential lease actions were included in prior proposed Rules that the Committee published in the *Pennsylvania Bulletin* in 2012 and 2014.  *See* 42 Pa.B. 7525 (December 15, 2012); 44 Pa.B. 4342 (July 12, 2014).  These publications also addressed other aspects of the appeals process that are no longer under consideration. With the Court's approval, the Committee continued working on a proposal to extend the appeal period for victims of domestic violence in

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

[2] The definition of "victim of domestic violence" is derived from the Act, and means "a person who has obtained a protection from abuse order against another individual or can provide other evidence of abuse." *See* 68 P.S. § 250.513; Rules 501, 1001(10).

residential lease actions, publishing two additional proposals in 2017. *See* 47 Pa.B. 2324 (April 22, 2017); 47 Pa.B. 7676 (December 23, 2017).

In the four publications, the Committee sought public comment on approaches to implementing an extended appeal period for victims of domestic violence. This task was complicated by existing procedural requirements for the request, issuance, and enforcement of orders for possession generally, largely due to overlapping timelines. A landlord is able to seek an order for possession as soon as the 11th day after entry of the judgment and regain possession of the property as soon as the 22nd day after the entry of the judgment. *See* Rules 515, 519. Practically speaking, a tenant could lose possession of the property before the extended 30-day appeal period had run, or could be required to pursue emergency relief at the court of common pleas to stay the eviction.

After much discussion and review, and with input from commenters and the Court, the Committee recommended the following approach: a tenant who is a victim of domestic violence, as defined in Rule 1001(10), may file a newly-created domestic violence affidavit with the magisterial district court to stay the execution of an order for possession. Staying the execution of the order for possession will permit the tenant who has filed the domestic violence affidavit to appeal the magisterial district court judgment within the allowed 30-day period without the risk of eviction. If the tenant does not file the affidavit with the magisterial district court before the 22nd day after the date of the entry of judgment, the tenant may be at risk of eviction.

The domestic violence affidavit will require the name of tenant who is a victim of domestic violence, the name of the perpetrator, the perpetrator's relationship to the tenant who is a victim of domestic violence, the docket number for any protection from abuse case involving the tenant who is a victim of domestic violence and the perpetrator, and verification by the tenant. By using the affidavit as set forth in the Rules, a tenant who is a victim of domestic violence will be able to avail himself or herself of the extended appeal period without the risk of a premature eviction. The domestic violence affidavit is not a public document, and will not be publically accessible. *See Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, Section 9.0F.

Any challenges by the landlord to the domestic violence affidavit shall be made to the court of common pleas and not the magisterial district court.

## III.   Proposed Changes

The Committee recommended the following Rules changes:

**Rule 501:** A definition of "victim of domestic violence" was added to Rule 501, as well as a reference in the note to 68 P.S. § 250.513.

**Rule 514:**  A provision was added to Rule 514D to require the magisterial district judge to provide notice of the 30-day appeal period for domestic violence victims on the written notice of judgment, as well as instructions for properly making such an appeal.

**Rule 514.1:** This is an entirely new Rule. It provides that a tenant in a residential lease action who is a victim of domestic violence may file a verified domestic violence affidavit with the magisterial district court to stay the execution of an order for possession. New Rule 514.1 also sets forth service requirements and establishes that the domestic violence affidavit is not a public record and is not accessible to the public.  The Note describes the contents of the domestic violence affidavit and indicates that challenges to the domestic violence affidavit should be filed at the court of common pleas.

**Rule 515:**  A reference to the 30-day appeal period for victims of domestic violence was added to the Note.

**Rule 516:**  A reference to a stay issued pursuant to Rule 514.1C was added to the Rule in the event a court of common pleas lifts a stay prior to the expiration of the 30-day appeal period for victims of domestic violence.

**Rule 1001:**  The definitions were alphabetized with corresponding changes to references in the Note and a definition of "victim of domestic violence" was added.

**Rule 1002:**  New subdivision B(2) provides that a tenant who is a victim of domestic violence may appeal the judgment within 30 days after the date of entry of the judgment by filing the notice of appeal and the domestic violence affidavit with the prothonotary.  Subdivisions B(2)(c)–(d) set forth the content of the domestic violence affidavit, and designates the affidavit as a confidential document.

**Rule 1005:** An updated citation to a definition was made in the Note.  The Note provides that the notice of appeal includes all documents filed with the prothonotary, including the domestic violence affidavit if applicable.

In addition, stylistic changes were made throughout the amended Rules.  Rule amendments adopted contemporaneously by the Court based on the Committee's Recommendation 4 of 2018 are reflected in the rule text without contextual indicators.